WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Kaelee M. Gifford, Esq., SBN 303533
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 608-9142

Attorneys for Plaintiff,
Wells Fargo Bank, N.A., a National Banking Association

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFRONIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., a National Banking Association,<br><br>Plaintiff,<br><br>vs.<br><br>VICENTE B. GALINDO, AKA VINCENTE BAUTISTA GALINDO, AKA VICENTE-B: GALINDO; VINCENTE BAUTISTA GALINDO TRUST, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR CANCELLATION OF INSTRUMENTS** |

Wells Fargo Bank, N.A. a National Banking Association, hereby alleges as follows:

I. **JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332, as Plaintiff is a "citizen of a different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Eastern District of California.

1
**COMPLAINT**

## II. COMMON ALLEGATIONS

1. Plaintiff is a national banking association, organized and existing under the laws of the United States of America, with its main office in South Dakota and qualified to do business in the State of California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant VICENTE B. GALINDO, AKA VINCENTE BAUTISTA GALINDO, AKA VICENTE-B: GALINDO is an individual, over the age of 18, and resides in the County of Sacramento, State of California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant VINCENTE BAUTISTA GALINDO TRUST is a trust, existing under the laws of the State of California, the trustee of which is Vicente-B: Galindo, aka Vicente B. Galindo, aka Vincente B. Galindo.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 25, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that the fictitiously named defendants sued herein by fictitious names DOES 1 through 25, inclusive, and each of them, are in some manner responsible for the acts herein alleged and/or claim some interest in the hereinafter described real properties.

5. Plaintiff is informed and believes, and thereon alleges, that unless otherwise specifically alleged to the contrary herein, each of the named defendants are individuals who, at all times material to this action, reside in the State of California. Plaintiffs are further informed and believe, and thereupon allege, that such defendants claim an interest in the hereinafter described real properties. Said real properties are located within the jurisdiction of the above entitled Court.

6. Plaintiff is informed and believe, and thereupon alleges, that at all times herein mentioned, each of the defendants, including DOES 1 through 25, were the agents and/or employees of each defendant and committed the acts herein.

2
**COMPLAINT**

7. The first real property which is the subject of this action is commonly known as 8500 Via Gwynn Way, Fair Oaks, California 95628 (hereinafter referred to as "Gwynn Property"), and is legally described as follows:

> Lot 1, of "Plat of Pheasant Knoll", recorded in the office of the County Recorder of Sacramento County, California, on July 18, 1979, in book 132 of Maps, Map No. 16.
> Assessor's Parcel Number(s): 253-0340-001

8. Plaintiff is the owner in fee simple absolute of the Gwynn Property by Trustee's Deed Upon Sale from Barrett Daffin Frappier Treder & Weiss, LLP recorded July 21, 2016 in Book 20160721, Page 0983 of the Official Records of Sacramento County, California.

9. The second real property which is the subject of this action is commonly known as 619 Redwood Avenue, Sacramento, California 98815 (hereinafter referred to as "Redwood Property") and is legally described as follows:

> Lot 8, in Block 23, as shown on the Plat of North Sacramento Subdivision No. 8:, Filed April 3, 1914 in Book 15 of Maps, Map No. 2 Records of Said County
> Assessor's Parcel Number(s): 275-0041-009

10. Plaintiff is the owner in fee simple absolute of the Redwood Property by Trustee's Deed Upon Sale from First American Trustee Servicing Solutions, LLC recorded on September 2, 2012 in Book 20120904, Page 0063 of the Official Records of Sacramento County, California.

11. The third real property which is the subject of this action is commonly known as 762 Hazel Dr., South Lake Tahoe, CA 96150 (hereinafter referred to as "Hazel Property") and is legally described as follows:

> Lot 16, as Said Lot is Shown on the Official Map of "Tahoe Island Park Addition, Unit No. 1", Filed March 8, 1955, in the Office of the County Recorder, County of El Dorado, Map Book B, Page 53.

12. Plaintiff is the owner in fee simple absolute of the Hazel Property by Trustee's Deed Upon Sale from Clear Recon Corp. recorded on October 27, 2016 as Document Number 2016-0051736-00 in the Official Records of El Dorado County, California.

13. The "Gwynn Property" the "Redwood Property" and the "Hazel Property" may collectively be referred to as the "Subject Properties."

### FIRST CAUSE OF ACTION

**(Cancellation of Instruments Against All Defendants)**

14. Plaintiff repeats, re-alleges, and incorporates herein by reference, each and all of the allegations contained in above Paragraphs 1 through 13, inclusive, with the same force and effect as though fully set forth herein.

15. Plaintiff is informed and believes, and thereon alleges, that after Plaintiff acquired title to the Gywnn Property as alleged above, Vicente-B: Galindo, without any right whatsoever, recorded the following document which purportedly affects title to the Subject Property:

> UCC Financing Statement (hereinafter referred to as "Gywnn UCC Financing Statement") recorded November 17, 2016 in Book 20161117, Page 0571 of the Official Records of Sacramento County, California.
> Debtor: Wells Fargo Home Mortgage (et al All Unknown Principals and Insurers All Unknown Entities Including and Not Limited to All Ass and Knees and or by CT Corp.); Wells Fargo Home Mortgage (et al All Unknown Principals and Insurers, Reps, Agents All Unknown Entities Including and Not Limited to CT Corp.)
> Secured Party: Vincente Bautista Galindo Trust (Represented by SPC by Vicente-B: Galindo)

16. The Gywnn UCC Financing Statement referred to in paragraph 15 above is void and of no force or effect in that Plaintiff is not indebted to Vincente Bautista Galindo Trust in any amount and the Gwynn UCC Financing Statement does not describe any personal property as the collateral, but rather attempts to unlawfully create a lien on Plaintiff's title to the Subject Property.

17. Plaintiff is informed and believes, and thereon alleges, that after Plaintiff acquired title to the Redwood Property as alleged above, Vicente-B: Galindo, without any right whatsoever, recorded the following document which purportedly affects title to the Subject Property:

> UCC Financing Statement (hereinafter referred to as "Redwood UCC Financing Statement") recorded November 18, 2016 in Book 20161118, Page 1244 of the Official Records of Sacramento County, California.

Debtor: Wells Fargo Home Loans, Et Al. Up to 100 Members Unknown/Known Agents, Assignees, Rept(s) (Mortgage Provider, Transmittal Utility Company 1A Corp #154254)
Secured Party: Vincente Bautista Galindo Trust

18. The Redwood UCC Financing Statement referred to in paragraph 17 above is void and of no force or effect in that Plaintiff is not indebted to Vincente Bautista Galindo Trust in any amount and the Redwood UCC Financing Statement does not describe any personal property as the collateral, but rather attempts to unlawfully create a lien on Plaintiff's title to the Redwood Property.

19. Plaintiff is informed and believes, and thereon alleges, that after Plaintiff acquired title to the Hazel Property as alleged above, Vicente-B: Galindo, without any right whatsoever, recorded the following document which purportedly affects title to the Subject Property:

UCC Financing Statement (hereinafter referred to as "Hazel UCC Financing Statement") recorded November 21, 2016 as Document 2016-0056912-00 of the Official Records of El Dorado County, California
Debtor: Wells Fargo Home Loans, ET AL. Up to 100 Members Unknown/Known Agents, Assignees, Rept(s) (Mortgage Provider, Transmittal utility Company 1A Corp #154254
Secured Party: Vincente Bautista Galindo Trust

20. The Hazel UCC Financing Statement referred to in paragraph 19 above is void and of no force or effect in that Plaintiff is not indebted to Vincente Bautista Galindo Trust in any amount and the Hazel UCC Financing Statement does not describe any personal property as the collateral, but rather attempts to unlawfully create a lien on Plaintiff's title to the Redwood Property.

21. The Gywnn UCC Financing Statement, the Redwood UCC Financing Statement and the Hazel UCC Financing Statement are hereinafter referred to collectively as the "UCC Financing Statements."

22. The UCC Financing Statements referred to above, although apparently valid on their face, are null and void on the grounds stated above.

23. There is reasonable apprehension that unless the UCC Financing Statements described above are canceled, nunc pro tunc as of the date they were erroneously recorded, they will cause serious injury to Plaintiff, and continue to cause serious injury to Plaintiff, in that the

**COMPLAINT**

UCC Financing Statements cloud title to the Subject Properties and unless and until they are cancelled, nunc pro tunc, Plaintiff is unable to sell the Subject Properties.

24. The existence of the UCC Financing Statements are causing damage to Plaintiff in that it is incurring attorney's fees in seeking to clear title of these documents and in that it is being prevented from selling the Subject Properties.

25. Accordingly, -Plaintiff requests that the Court issue a judgment and order cancelling the UCC Financing Statements nunc pro tunc, as of the date they were recorded.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For the UCC Financing Statements to be delivered to the clerk of the court for cancellation and that each of them be declared void ab initio;

2. For injunctive relief, that Defendants be enjoined from recording any further documents on the Subject Properties without prior Court approval;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court deems proper.

Dated: May 24, 2017

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

By: _____
Kaelee M. Gifford, Esq.
Attorneys for Plaintiff, Wells Fargo Bank, N.A.